# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| ALEJANDRO FRIXIONE, | ) | |
| | ) | |
| Plaintiff(s), | ) | 2:10-CV-1119-RLH-LRL |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | (Motion to Dismiss–#11) |
| ISIDRO BACA, *et al.*, | ) | |
| | ) | |
| Defendant(s). | ) | |

Before the Court is Defendants' Motion to Dismiss (#11, filed January 7, 2011). Plaintiff has failed to file a response to the motion. Furthermore, Plaintiff has been released from custody of the Nevada Department of Corrections' facility where he was incarcerated and has failed to provide the Court with a change of address.

Local Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capitol, Inc.* 718 F.Supp. 828, 831 (D. Nev. 1989). It has been said these local rules, no less than the federal rules or acts of Congress, have the force of law. *United States v. Hvass*, 355 U.S. 570, 574-575 (1958); *Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). The United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules. *Black Unity League of Kentucky v. Miller*, 394 U.S. 100, 89 S. Ct. 766 (1969). / / / /

Moreover, the Court has reviewed the Motion to Dismiss on its merits and finds that it should be granted on that basis as well.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (#11) is GRANTED, and the matter is dismissed.

Dated: February 3, 2011.

_____
Roger L. Hunt
Chief United States District Judge